**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOSEPH THOMAS BIDDLE                                        PETITIONER

V.                          CASE NO. 4:18-CV-623-BRW-BD

MILLER COUNTY JAIL                                          RESPONDENT

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge Billy
Roy Wilson. Mr. Biddle may file written objections with the Clerk of Court. To be
considered, objections must be filed within 14 days. Objections should be specific and
should include the factual or legal basis for the objection.

If Mr. Biddle does not file objections, he risks waiving the right to appeal
questions of fact. And, if no objections are filed, Judge Wilson can adopt this
Recommendation without independently reviewing the record.

### II.    Discussion:

On August 29, 2018, Joseph Thomas Biddle filed a *pro se* petition for writ of
habeas corpus. (Docket entry #1) In his petition, Mr. Biddle states that he is in jail in
Miller County, Arkansas after being arrested. He claims that he is innocent of the
charges. (#1 at 1-3) He states he has, "been violated on my parol [sic] for 90 days and its
almost up Sept. 5, 2018." (#1 at 4) He seeks assistance in obtaining "discovery" and
general help from the Court. (#1 at 4)

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petitioner is not entitled to relief. See Rule 4, Rules Governing Habeas Corpus Cases. The Court "may take judicial notice of proceedings in other courts that relate directly to matters at issue." *Great Plains Trust Co. v. Union Pacific R.R. Co.,* 492 F.3d 986, 996 (8th Cir. 2007).

Mr. Biddle was arrested in Miller County, Arkansas, on June 4, 2018. *See State v. Joseph Biddle*, Case No. 46CR-18-468-3.[1] He was later charged by a criminal information on a single count of theft of property greater than $25,000, in violation of Arkansas Code Annotated, § 5-36-103(b)(1)(A). *Id.* The trial court initially set Mr. Biddle's bond at $25,000, but later reduced it to $15,000. *Id.* Mr. Biddle's criminal case is ongoing, and his trial is currently scheduled for January 28, 2019. *Id.*

The Court clearly lacks jurisdiction to consider Mr. Biddle's habeas petition. Individuals in state custody, such as Mr. Biddle, must allege that they are "[in] custody pursuant to the judgment of a State court" to state a claim for habeas corpus relief. 28 U.S.C. § 2254(a). The Court takes judicial notice of Mr. Biddle's pending criminal case in Miller County. While Mr. Biddle is in state custody, he is not in custody under a judgment of a State court. He is a pre-trial detainee and, as such, his petition for writ of habeas corpus is premature.

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

Additionally, habeas corpus review focuses on whether the Constitution, laws or treaties of the United States have been violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Mr. Biddle's allegations that state authorities failed to comply with state laws are not cognizable in a federal habeas action.

Finally, the Court lacks jurisdiction to consider Mr. Biddle's petition because, before a person in state custody may seek relief, he must ordinarily exhaust "the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To fully exhaust his state-court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. Because Mr. Biddle has not yet proceeded to trial on his pending state criminal charge, he has clearly not exhausted his state-court remedies.

## III.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Biddle has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Biddle has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.**    **Conclusion:**

The Court recommends that Mr. Biddle's petition for writ of habeas corpus (#1) be

DISMISSED, without prejudice, for lack of jurisdiction. Further, Judge Wilson should

deny a certificate of appealability.

DATED this 20th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE