IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSEPH THOMAS BIDDLE                                              PETITIONER

V.                          CASE NO. 4:18-CV-623-BD

DEXTER PAYNE, Director,
Arkansas Department of Correction                                 RESPONDENT

## ORDER

**I.   Background:**

In August 2018, Joseph Thomas Biddle filed this *pro se* petition for writ of habeas corpus. (Doc. No. 1) In the petition, Mr. Biddle stated that he was in jail in Miller County, Arkansas after being arrested. The Court dismissed the petition, without prejudice, for lack of jurisdiction because Mr. Biddle was a detainee and not "in custody" pursuant to a state court judgment. See 28 U.S.C. § 2254(a). (Doc. No. 4)

On January 10, 2019, Mr. Biddle pleaded guilty in Miller County Circuit Court Case No. 46CR-18-468 to a single count of theft of property greater than $25,000. (Doc. Nos. 17-1, 17-2) The state trial court entered a judgment on January 24, 2019, sentencing Mr. Biddle to five years' probation.[1] (Doc. No. 17-3)

---

[1] On December 12 2019, the State filed a petition to revoke Mr. Biddle's probation in Case No. 46CR-18-468, alleging that he had violated the conditions of his probation by, among other things, committing crimes of burglary and theft of property. (Doc. No. 17-4) On June 16, 2020, Mr. Biddle admitted to violating his conditions of probation. (Doc. No. 17-5) The state court sentenced him to a term of five years in the ADC, to be followed by five years' suspended imposition of sentence. The court ordered the revocation sentence to run concurrently with the sentence in Miller County Circuit Court Case No. 46CR-20-72-3, where Mr. Biddle pleaded guilty to breaking or entering and theft of property. (Doc. No. 17-5, 17-6) Mr. Biddle does not challenge either of those sentences in this petition.

1

On April 16, 2020, Mr. Biddle filed a motion to reopen his federal habeas case to challenge the judgment and sentencing order entered by the circuit court in Case No. 46CR-18-468. (Doc. No. 6) The Court granted the motion and ordered Mr. Biddle to file an amended petition. (Doc. No. 7)

On April 29, 2020, Mr. Biddle filed an amended petition claiming that: his counsel pressured him into pleading guilty to theft of property even though he was innocent; the facts of the case were never presented; and he was only guilty by association. (Doc. No. 10 at pp. 5-8) For his fourth ground for relief, Mr. Biddle referenced a motion for discovery that allegedly explained his innocence. (Doc. No. 10 at p. 9)

Director Payne responded to the petition, contending that it is barred by the statute of limitations or, alternatively, that Mr. Biddle did not properly plead his claims. (Doc. No. 17) The parties have consented to this Court's jurisdiction. (Doc. No. 19)

## II.     Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the latter of, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review;" that is true in this case. *Id*.

Here, the state trial court entered its judgment on January 24, 2019. (Doc. No. 17-3) The time for Mr. Biddle to seek review of the judgment expired 30 days later, on February 23, 2019. See *Comacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015)

(judgment becomes final when the time for seeking direct review expires and in Arkansas that is generally 30 days after entry of the judgment). Accordingly, the one-year federal statute of limitations expired one year later, on February 23, 2020. Mr. Biddle did not move to reopen his habeas case until April 16, 2020; and he did not file his amended petition until April 29, 2020, after the limitation period had expired.

The statute provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2). Further, the limitations period is subject to equitable tolling if a petitioner can show that he pursued his rights diligently but that some extraordinary circumstances stood in his way to prevent a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Mr. Biddle did not pursue any state post-conviction remedies that would have triggered statutory tolling. Moreover, Mr. Biddle has not alleged that an extraordinary circumstance prevented him from filing a timely federal petition. Generally, a petitioner's pro se status, lack of legal knowledge or legal resources, confusion about, or miscalculation of, the limitations period are not deemed extraordinary circumstances that warrant equitable tolling. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (petitioner's pro se status or lack of understanding of post-conviction rules does not justify equitable tolling); see also *Shoemate v. Norris,* 390 F.3d 595, 598 (8th Cir. 2004).

The United States Supreme Court has held that actual innocence, if proved, also serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Court

cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert*. denied, 568 U.S. 838 (2012). Mr. Biddle has not come forward with any new evidence of his actual innocence to overcome the expiration of the statute of limitations.

### III. **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Biddle has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Biddle has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability is denied.

### IV. **Conclusion:**

Joseph Thomas Biddle's amended petition for writ of habeas corpus (Doc. No. 10) is time-barred and, therefore, DISMISSED with prejudice

SO ORDERED, this 21st day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE